Peter E. **GALLI and Karen Hunter, Plaintiffs,**

v.

**TRAVELHOST, INC., Defendant.**

No. CV–R–84–419–ECR.

United States District Court, D. Nevada.

March 8, 1985.

Paul D. Elcano, Reno, Nev., for plaintiffs.

Phillip W. Bartlett, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant, Travelhost, Inc., moves this Court for change of venue pursuant to 28 U.S.C. §§ 1404(a) and 1406(a). In support of its motion, Travelhost argues that transfer is proper in this case on the basis of a contractual venue selection agreement between the parties and alternatively on the basis of the parties' convenience. Plaintiffs, Peter Galli and Karen Hunter, oppose the motion for transfer. They argue that the forum selection clause should not be enforced against them and that it would be inconvenient and unreasonable to transfer this case to Texas. This Court agrees with plaintiffs and, therefore, the motion to transfer is denied.

*Facts*

Plaintiffs originally filed their complaint in this case in the Washoe County District Court, Nevada, on August 17, 1984. Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441. The com-

plaint alleges in the first cause of action intentional misrepresentation and in the second cause of action negligent misrepresentation.

Plaintiffs are residents of Nevada. Defendant is a Texas corporation with its principal place of business in Dallas County, Texas. Defendant does business throughout the country. The incidents which gave rise to this lawsuit took place in Reno, Nevada. Plaintiffs and defendant entered into contract negotiations for plaintiffs to distribute and have printed Travelhost Magazine. Travelhost Magazine is printed by defendant with advertising to be obtained by the distributor. The magazine is then placed free of charge in motel rooms. Plaintiffs were to be responsible for distribution in the Boise, Idaho, area. In essence, plaintiffs bought a franchise to be the sole distributor of Travelhost Magazine in that area for a sum of $45,000.

*Analysis*

■ Federal procedure provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Consistent with this, a decision to transfer is committed to the sound discretion of the trial court. *See Commodity Futures Trading Com'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979).

■ The relevant factors for consideration whether to transfer a case are: the convenience of the parties and witnesses, the relative ease of access to sources of proof, the availability of process to compel the presence of unwilling witnesses, the practical problems indicating that the case can be tried more expeditiously and inexpensively elsewhere, and the interests of justice. *See Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

■ The burden is on defendant in this case to establish that there should be a change of venue. It is not enough, without more, to merely shift the inconvenience

from one party to another. *See Van Dusen v. Barrack*, 376 U.S. 612, 645–646, 84 S.Ct. 805, 823–824, 11 L.Ed.2d 945 (1964).

If the plaintiffs were forced to travel to Texas with the several witnesses that are listed in Peter Galli's affidavit accompanying the opposition to the motion of transfer, plaintiffs would be seriously inconvenienced. Coupled with the additional cost of litigation outside their home state, it may force plaintiffs to decide that the cost of bringing the lawsuit no longer supports its feasibility. It cannot be said that Texas is the more convenient forum for plaintiffs.

■ Further, in evaluating a § 1404(a) motion, the citizen plaintiff's choice of a proper forum is entitled to "paramount consideration," and the moving party must show that a balancing of interests weighs heavily in favor of transfer. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). Defendant in this case has not met its burden. First, defendant actively seeks out and does business nationally. The contract at issue in this case was negotiated, signed, and executed in Reno, Nevada. Also, defendant fails to positively identify any witnesses which would potentially be beyond the jurisdiction of this Court. The simple assertion that the necessary witnesses probably reside in a certain forum does not justify granting a § 1404(a) motion. This Court finds that the defendant has not met the burden of establishing that the transferee forum is more appropriate for this action.

Accordingly, the motion to transfer based upon 28 U.S.C. § 1404(a) is denied.

In this case analysis does not stop, however, with a finding that transfer is inappropriate under § 1404(a). As defendant asserts, there is a forum selection clause at issue in this case.

A copy of the contract is attached to defendant's motion as Exhibit A. The agreement is a three-page document entitled "APPLICATION FOR DISTRIBUTORSHIP AND AGREEMENT." There are blanks for the date, names of the par-

ties, their addresses, number of copies per week of the publication, designated area for distribution, amount the distributor is paying defendant, and three additional paragraphs added on to the form contract. All of the above mentioned was initialled by the three signatories to the contract, Peter Galli, Karen Hunter, and Robert E. Thomas. The remaining paragraphs are not initialled. The venue selection paragraph is found at paragraph 18 of the 23 paragraph document. That paragraph of the contract reads:

"18. This Agreement is to be governed by and construed according to the laws of the State of Texas and venue for all purposes shall be in the State of Texas."

Although there is no allegation of fraud in connection with this particular clause in the contract, this lawsuit is predicated upon claims of misrepresentation and fraud as to the entire negotiations. This Court makes no intimation as to the merits of this case; however it does find that a prepared standard contract by a corporation which willingly and intentionally availed itself of these Nevada plaintiffs should be weighed with great care by this Court.

Analysis of the validity of the forum-selection clause must begin with *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). That case concerned a contract between Zapata, an American corporation based in Texas, and Unterweser, a German corporation, for Unterweser to tow a Zapata oil rig from Louisiana to a point in the Adriatic Sea off Ravenna, Italy. The contract provided that "[a]ny dispute arising must be treated before the London Court of Justice". *Id.* at 2, 92 S.Ct. at 190. The rig was damaged while in the Gulf of Mexico, and Zapata instituted suit in a district court in Florida. The Fifth Circuit affirmed the district court's denial of a motion by Unterweser to dismiss. The Supreme Court reversed. Repudiating earlier decisions adverse to forum-selection clauses, the Court held that there were compelling factors in that case why such a clause, "unaffected by fraud, undue influence, or overweening bargain-ing power ... should be given full effect." *Id.* at 12–13, 92 S.Ct. at 1914. Among these factors was the extraordinary nature of the transaction in that case, involving as it did the towing of a drilling barge from the Louisiana coast to the Adriatic Sea. The forum-selection clause also had the effect of providing a neutral, specified forum for the adjudication of disputes, thereby eliminating any uncertainties. The Court further stated:

"There is strong evidence that the forum clause was a vital part of the agreement, and it would be unrealistic to think that the parties did not conduct their negotiations including fixing the monetary terms, with the consequences of the forum clause figuring prominently in their calculations."

*Id.* at 14, 92 S.Ct. at 1915 (footnotes omitted).

None of the factors mentioned by the Supreme Court are present in this case. This transaction is not extraordinary, nor is there any intimation that the parties need to ensure a neutral forum for the adjudication of the disputes between them. This Court should constitute a neutral forum, no different from the district court in Texas.

There is no indication on the face of the contract that the forum selection clause was freely bargained for between the parties. Nor was the Court presented with any evidence that the parties engaged in any specific bargaining over the clause.

Further, defendant did not provide competent evidence to support the argument that the clause was a "most-significant" part of the contract. At the time the contract in issue was negotiated and signed, the president of Travelhost was Robert E. Thomas. However, the affidavit submitted in support of the argument is by the current president of Travelhost, James E. Buerger. Mr. Buerger states in paragraph 4, page 2, that the "venue selection" paragraph has always been considered to be a "most-significant part of [Travelhost's] entire Distributorship Agreement arrangement." The Court has difficulty according much weight to this self-serving statement.

Mr. Buerger was not a party to the contract, nor was he president of Travelhost at the time of the contract. It is the finding of this Court that the forum-selection clause is in the contract for the convenience of the defendant, and for no other reason.

Although the Supreme Court in *Zapata* did refer to forum selection clauses as prima facie evidence, it must not be assumed that prima facie validity means, in all but the most unconscionable cases, certain enforcement. The *Zapata* decision leaves to the courts a certain power to consider mitigating factors, and though plaintiffs bear a heavy burden of persuasion, this Court should give fair hearing to them when they claim needed mitigation. This Court reads *Zapata* to mean in its effect, that a forum selection clause appearing in a contract should not be regarded with quite the same reverence as is typically given to contractual clauses.

A forum selection clause does not oust this Court's jurisdiction. There will always be open to either party the opportunity to present whatever evidence will move a court in the particular circumstances not to decline to exercise its undoubted jurisdiction. *See LFC Lessors, Inc., v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4, 6 (1st Cir.1984) (quoting *Central Contracting Co. v. Maryland Casualty Co.*, 367 F.2d 341, 345 (3d Cir.1966)). This Court's subject matter jurisdiction is properly based on diversity of citizenship. Venue is proper in the district of Nevada under 28 U.S.C. § 1391(a).

IT IS, THEREFORE, HEREBY ORDERED that the motion for change of venue is DENIED.