875 F.2d 762
 DOCKSIDER, LTD.; Lyndle R. McConnell; Doris L. McConnell;
Eugene M. LeMelle; Dona M. LeMelle, Plaintiffs-Appellants,
v.
SEA TECHNOLOGY, LTD.; Innovative Technology International,
Ltd.; United Metering Services, et al.,
Defendants-Appellees.
 No. 88-6520.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 5, 1989.
Decided May 22, 1989.
 
 Richard M. Norman, Ventura, Cal., for plaintiffs-appellants.
 Jerome L. Levine, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SNEED, REINHARDT and BRUNETTI, Circuit Judges.
 BRUNETTI, Circuit Judge:
 
 
 1
 Docksider, Ltd. ("Docksider") appeals the dismissal of its diversity action against Sea Technology, Inc. ("Sea Tech") based on the district court's enforcement of a contractual forum selection clause. We affirm.
 
 
 2
 The parties to this action entered an agreement whereby Docksider was granted a license to distribute equipment manufactured by Sea Tech. Paragraph 11.D of the agreement provided as follows:
 
 
 3
 This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.
 
 
 4
 A dispute arose under the contract and Docksider filed suit in the United States District Court for the Central District of California, invoking diversity jurisdiction. Sea Tech filed a motion to dismiss, claiming that the court lacked subject matter jurisdiction on the basis of the forum selection clause, or in the alternative that there was no personal jurisdiction. The district court granted the motion on the first ground, and Docksider appeals.
 
 
 5
 A contractual forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Offshore Co., 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Docksider makes no allegations of fraud or undue influence underlying the forum selection clause that would render its enforcement unreasonable. See Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 280 (9th Cir.1984). The sole issue before the court is whether the clause in this appeal is mandatory or permissive. Docksider contends that it is permissive, being only a consent to the jurisdiction of Virginia, and Sea Tech claims that it is mandatory, vesting jurisdiction and venue exclusively in the state court for Gloucester County, Virginia.
 
 
 6
 The critical language in paragraph 11.D is the final sentence: "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." The district judge concluded that this language represented the parties' intent to pursue any litigation that arose only in Virginia. Docksider contends that this interpretation is erroneous because the contractual language does not contain any express mandatory term such as "exclusively" that would indicate the parties' intent to vest Virginia with exclusive jurisdiction. Docksider has cited numerous cases as support for this position, relying principally on Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75 (9th Cir.1987).
 
 
 7
 The Hunt Wesson forum selection clause contained the following language:
 
 
 8
 Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of this contract.
 
 
 9
 See id. at 76. We held that the clause was permissive, noting that "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction." Id. at 77 (emphasis in original).
 
 
 10
 Hunt Wesson is distinguishable because the forum selection clause underlying this action contains the additional sentence stating that "[v]enue of any action brought hereunder shall be deemed to be in ... Virginia." This language requires enforcement of the clause because Docksider not only consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia. This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia.
 
 
 11
 In Sterling Forest Associates v. Barnett-Range Corp., 840 F.2d 249, 250, 252 (4th Cir.1988), the Fourth Circuit held the following provision to be mandatory: "This Agreement shall be construed and enforced in accordance with the laws of the State of California and the parties agree that in any dispute jurisdiction and venue shall be in California." In Nascone v. Spudnuts, Inc., 735 F.2d 763, 765 (3d Cir.1984), the relevant language stated that "[t]his franchise shall be construed according to the laws of the State of Utah, and venue for any proceeding relating to the provisions hereof shall be Salt Lake County, State of Utah." The Third Circuit implicitly enforced this provision by characterizing it as "reasonable" and "explicit." See id. at 773. The Fifth Circuit in In re Fireman's Fund Insurance Companies, 588 F.2d 93, 94 (5th Cir.1979) held that a venue provision which stated: "If the Sub-contractor shall institute any suit or action for the enforcement of any of the obligations under this agreement, the venue of such suit or action shall be laid in the County of Essex and State of New Jersey" was valid to lay venue in New Jersey.
 
 
 12
 The prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced. See Sterling Forest Associates, 840 F.2d at 251-52; but see Galli v. Travelhost, Inc., 603 F.Supp. 1260, 1263 (D.Nev.1985) (attempting to distinguish Bremen in refusing to enforce clause providing "This Agreement is to be governed by and construed according to the laws of the State of Texas and venue for all purposes shall be in the State of Texas."). When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive. See, e.g., Keaty v. Freeport Indonesia, Inc., 503 F.2d 955, 956 (5th Cir.1974) ("This agreement shall be construed and enforced according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York," held permissive and not a mandatory forum selection clause); Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 511 (9th Cir.1988) ("For any controversy regarding interpretation or fulfillment of the present contract, the Court of Florence has sole jurisdiction," enforced).
 
 
 13
 We hold that the venue provision of the forum selection clause is sufficient to distinguish Hunt Wesson and clearly designates the state court in Gloucester County, Virginia, as the exclusive forum.
 
 
 14
 AFFIRMED.