**Michael D. APPELL, an individual; Sandra Y. Appell, an individual; Northstar Imports, a sole proprietorship, Plaintiffs,**

v.

**GEORGE PHILIP AND SON, LTD.; The Octopus Publishing Group; and Does 1–30, Defendants.**

**No. CV–N–90–281 BRT.**

United States District Court, D. Nevada.

March 27, 1991.

Durney & Brennan, Thomas R. Brennan, Walther, Key, Maupin, Oats, Cox, Lee & Klaich, C. Robert Cox and R. Scott Jamieson, Reno, for plaintiffs.

Beckley, Singleton, DeLanoy, Jemison & List, Stephen S. Kent, Reno, for defendants.

## ORDER GRANTING MOTION TO DISMISS

BRUCE R. THOMPSON, District Judge.

Plaintiffs Michael and Sandra Appell (Appells) own Northstar Imports (Northstar), a sole proprietorship. Plaintiffs entered into a Distribution Agreement with defendant George Philip and Son, Ltd. (Philip), the subject of which was astronomical materials published by Philip. Philip is alleged to be an English corporation, partnership, or joint venture, and a subsidiary of Octopus Publishing Group (Octopus), itself a foreign corporation.

Jurisdiction is claimed under 28 U.S.C. § 1332(a), venue is alleged to be proper under 28 U.S.C. § 1391(a), and the amount in controversy is alleged to exceed $50,000.00.

Plaintiffs entered into their first agreement with Philip in November, 1978. Under its terms, plaintiffs were to be the sole and exclusive agents for the sale of Philip's products in the United States. The agree-

---

ment was renewed several times, most recently on January 24, 1986. By written correspondence dated April 7, 1987, the renewed agreement was extended until February 3, 1989.

The Appells allege that Philip breached the agreement by selling devices known as plainisperes to Time Life Books and to other third parties. This action was filed in June of 1990, and comprises claims for relief for fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.

The case is properly before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(3). The motion challenges the court's subject matter jurisdiction and the propriety of venue, and is based upon clause 10 of the Agreement: "[t]his agreement is subject to English Law and the English courts shall be the courts of competent jurisdiction." (Defendants' Exhibit B, p. 3). The letter extending the Agreement, signed by the Appells, contains language expressly reaffirming clause 10, to wit: "[c]lause 10 of the Contract confirms to be effective between the parties." (Defendants' Exhibit C).

The only issue before the court is whether the contract language precludes the Appells from suing in courts of the United States.

There is no dispute that the Appells signed both the Agreement and the extension. They do not argue that the entire agreement is invalid: their case is substantially based upon its validity. Nor do they argue that the forum selection clause was included by means of any fraudulent act or overreaching. The thrust of their argument is that the forum selection language of clause 10 is ambiguous, and that it does not provide any court with exclusive jurisdiction.

There are two lines of authority interpreting forum selection clauses which govern the rules of decision in the courts of the Ninth Circuit. One directs the courts with respect to domestic contracts, the other controls decision in the field of international law.

Domestic contracts are agreements between parties residing or operating in the United States of America and its territories and possessions. There have been many Ninth Circuit cases interpreting forum selection clauses in domestic contracts. Perhaps the latest is *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762 (9th Cir. 1989). This opinion evinces the reluctance of this court to completely abandon the ancient principle that "agreements which purport to exclude jurisdiction of courts other than those specifically named ... have been found to be against public policy and have not been enforced." Annotation: "Validity of contractual provision limiting place or court in which action may be brought." 31 ALR 4th 404 at 409. The rule of *Docksider* and other Ninth Circuit cases there cited and in the ALR note, is that a forum selection clause will be enforced where venue is specified in mandatory language, but if only jurisdiction is specified, the clause will not generally be enforced without further language indicating the parties' intent to make jurisdiction exclusive.

With respect to international contracts containing forum selection clauses we are governed by the decision of the Supreme Court of the United States in *M/S Bremen v. Zapata Off Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). In *Bremen* the forum selection clause in a contract between businesses of different nations was no more specific than that in the instant case, viz.: "Any dispute arising must be treated before the London Court of Justice." The Supreme Court held that this clause should control and said:

Thus, in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside. Although their opinions are not altogether explicit, it seems reasonably clear that the District Court and the Court of Appeals placed the burden on Unterweser to show that London would be a more convenient forum than Tampa, although the contract expressly resolved that issue. The correct approach would have

been to enforce the forum clause specifically unless Zapata could clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching. Accordingly, the case must be remanded for reconsideration.

\* \* \* \* \* \*

This case, however, involves a freely negotiated international commercial transaction between a German and an American corporation for towage of a vessel from the Gulf of Mexico to the Adriatic Sea. As noted, selection of a London forum was clearly a reasonable effort to bring vital certainty to this international transaction and to provide a neutral forum experienced and capable in the resolution of admiralty litigation. Whatever 'inconvenience' Zapata would suffer by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

Two recent Ninth Circuit cases have considered forum selection clauses in international agreements. *TAAG Linhas Aereas de Angola v. Transamerica*, 915 F.2d 1351 (9th Cir.1990), involved an air transport agreement between TAAG, an Angola airline, and Transamerica, a United States corporation, and the court held that TAAG had failed to rebut the presumption in favor of enforcing the forum selection clause and sustained an order dismissing the complaint for lack of jurisdiction. By way of contrast, in *Shute v. Carnival Cruise Lines*, 897 F.2d 377 (9th Cir.1990), the court refused to enforce a forum selection clause which provided: "It is agreed ... that all disputes ... shall be litigated, if at all, in and before a court located in the State of Florida U.S.A. to the exclusion of the courts of any other state or country." The clause was contained in an airline passenger ticket issued by a Panamanian corporation to a citizen of the state of Washington. The court followed the dictates of *Bremen, supra,* and held that the forum selection clause had not been freely bargained for but had been forced on the plaintiffs, and if enforced, plaintiffs for all practical purposes would be deprived of their day in court.[1]

Plaintiff Michael Appell maintains by affidavit that he always thought the clause was non-exclusive, and so there was no meeting of the minds as to that portion of the Agreement. This affidavit states no facts that are admissible evidence. There is no evidence of his entertaining such a belief at the time the Agreement was signed, and no evidence that he signed the Agreement other than by his own free will. The parties both performed the terms of the Agreement for a number of years.

Next, plaintiffs argue that because the clause was placed under the signature line of the Agreement, it should be invalidated. Yet the reaffirmation of the clause in the extension letter is clearly presented in the body of the letter, and Mr. Appell signed under it. Plaintiffs do not argue that the extension itself is invalid, and it is the extension which covers the time period relevant to their suit. In both cases the clause was forthrightly presented, in a typeface which matched the rest of the respective documents, and appeared as a separate paragraph. This appears to be a bargained-for agreement and not an agreement of adhesion. Plaintiffs have alleged no facts which bring into play any of the factors noted in *Bremen, supra,* to persuade this court not to honor the forum selection clause.

---

1. The Carnival Cruise Lines case is before the United States Supreme Court on grant of certiorari. It was argued in January 1991. It is, however, not clear whether the case will be decided on an issue of personal jurisdiction rather than on enforceability of the foreign selection clause. Accordingly, we see no reason to await that decision. When it is rendered the parties may govern themselves accordingly.

**170**

Accordingly,

IT HEREBY IS ORDERED that defendants' motion for dismissal for lack of subject matter jurisdiction and improper venue is granted, pursuant to Fed.R.Civ.P. 12(b)(1), (3). This action is dismissed.