**OFFSHORE SPORTSWEAR, INC., a California corporation; California Shirt Printer, Inc., a California corporation; George Kazantzis; Gulu Watumull, Plaintiffs–Appellants,**

v.

**VUARNET INTERNATIONAL, B.V., a foreign corporation; Eric Bergner, an individual; Jean Vuarnet, an individual; Alain Vuarnet, an individual, Defendants–Appellees.**

No. 96–55211.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1997.

Decided May 28, 1997.

Joshua M. Wolff, Hanley & Patch, Irvine, CA, for plaintiffs–appellants.

Robert G. Uriarte, Markowitz, Fernandez & Uriarte, Los Angeles, CA, for defendants–appellees.

Before: MAGILL,* RYMER, and THOMAS, Circuit Judges.

RYMER, Circuit Judge:

■ We must decide whether a party whose action was dismissed without prejudice to enforce a forum selection clause may refile, and relitigate, the same issue again.

Offshore Sportswear, California Shirt Printer, Inc., Gulu Watumull and George Kazantzis (Offshore) appeal the district court's dismissal of their action arising out of representations by Vuarnet International, B.V., that allegedly fraudulently induced them to enter into a licensing agreement. The district court had previously dismissed an action by Offshore arising out of the same alleged misrepresentations because the agreement made the courts of Geneva, Switzerland "exclusively competent." No appeal was taken from that order.

■ We have jurisdiction under 28 U.S.C. § 1291, as a district court's order dismissing an action to enforce a forum selection clause is a collaterally final order; and we affirm. We hold that an order dismissing an action to enforce a forum selection clause is preclusive on the issue of the applicability, and the enforceability, of the clause when the issues and the parties remain the same. Accordingly, Offshore may not relitigate these issues even though the dismissal of the prior action was "without prejudice."

I

Offshore Sportswear and California Shirt Printer, Inc. entered into a licensing agreement with Vuarnet International, B.V., to produce apparel utilizing the Vuarnet trademark. When things went sour, Offshore sued Vuarnet in federal district court for fraud (among other things), claiming that before the parties entered into the agreement Vuarnet falsely represented that Offshore would be the exclusive distributor of Vuarnet apparel in North America. A copy of the agreement was attached to the complaint. Based on the agreement's forum selection clause,[1] the district court ordered the parties to show cause why the action should not be dismissed. After considering their responses, the court found that the clause was mandatory, *see Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763 (9th Cir. 1989), and enforceable. *Manetti–Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir.1988) (claims that cannot be adjudicated without analyzing whether the parties were in compliance with a contract are within scope of forum selection clause). The court therefore dismissed the action, without prejudice.

Offshore then took its fraud claim to state court, relabeled as a cause of action for fraudulent inducement.[2] The agreement was not attached. Vuarnet removed the action to

* Honorable Frank J. Magill, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Article 22 of the License Agreement provides: This agreement shall be governed by and construed in accordance with the laws of Switzerland. The Courts of Geneva (Switzerland) shall be exclusively competent.

2. The state complaint names Offshore's principals as parties, but makes no other reference to them. Offshore does not argue that their presence as nominal plaintiffs has any effect on issue preclusion.

federal court,[3] and moved to dismiss under Rule 12(b)(1)–(3) and (6). Having reviewed the related case and taken judicial notice of the original complaint and the license agreement attached to it, the district court found that the cause of action for fraudulent inducement in the state complaint was the same as the claim for relief for fraud in the prior federal complaint, and was likewise governed by the forum selection clause. It therefore dismissed the second action, without prejudice. This time Offshore appealed.

## II

Offshore frames the issues on appeal—and focuses its argument—on the merits of the district court's order dismissing the second action. From its perspective, the issues are whether claims of pre-contract fraud are subject to the forum selection clause in a fraudulently induced contract, and whether the forum selection clause in a fraud action is enforceable where the clause and the contract were fraudulently induced and the selected forum does not recognize claims for fraud. As Vuarnet contends, however, these issues were disposed of in connection with the dismissal of the prior federal action. In its view, Offshore is precluded from raising these issues again because it could have appealed that order, but did not. Since issue preclusion is dispositive if applicable, we turn to it first.

■ "Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties." *Clark v. Bear Stearns & Co., Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992). As we established in *Clark,*

> To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the

issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Id.* at 1320. The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. *Id.* at 1321.

Offshore argues that the dismissal of the original action cannot bar the second action because it was "without prejudice." Offshore relies on the rule that a dismissal without prejudice is not an adjudication on the merits, *see* Fed.R.Civ.P. 41(b),[4] and thus contends that the dismissal of its prior federal action, which was not on the merits, has no preclusive effect. Further, it maintains that no appeal could be taken from dismissal of the original action as it was not a final appealable judgment. If the court had intended to terminate the action, Offshore submits, the dismissal would have been "with" prejudice; since it was specifically "without prejudice," Offshore concludes, the first dismissal permits the action for fraudulent inducement to go forward.

We are not persuaded by Offshore's analysis. It assumes that dismissal of the prior federal action on account of the forum selection clause was meaningless, either because it was unappealable or because it was "without prejudice" and thus not on the merits. We disagree with both assumptions.

■ Dismissal of an action to enforce a forum selection clause is an appealable order, even though it is not on the merits and is "without prejudice." We said as much in *Pelleport Investors Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 278 (9th Cir. 1984), albeit in a slightly different context. There, we considered whether we could review an order remanding the case to the state court from which it was removed to enforce a forum selection clause in a motion pictures rental agreement that prescribed the Superior Court of Los Angeles as the

---

**3.** Since the new action was a related case to the previously dismissed action, it was transferred to the same district judge under the Local Rules.

**4.** Fed.R.Civ.P. 41(b) provides in pertinent part:
Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.

only forum for litigation. We held that the remand order was reviewable as a collaterally final order under 28 U.S.C. § 1291 because the sole purpose of the remand is to surrender jurisdiction to the state court. *Id.* There is no substantial difference between the effect of the remand in *Pelleport* and the dismissal in this case, as both put the plaintiff out of the federal court in which the action is pending. Therefore, we make explicit what we implicitly held in *Pelleport,* that an order dismissing an action to enforce a forum selection clause is appealable as a collaterally final order under § 1291. *See also Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 321 (9th Cir.1996) (noting jurisdiction under § 1291 for appeal from dismissal of the complaint to enforce a forum selection clause); *Manetti–Farrow,* 858 F.2d at 510 (same). Thus, Offshore could have appealed dismissal of the district court's order dismissing its original action to enforce the forum selection clause (as it has appealed dismissal of the order dismissing its second action for the same reason), and may not defeat issue preclusion on this ground alone.

More fundamentally, we believe that Offshore's position misapprehends the nature of a dismissal "without prejudice" when the dismissal is for a venue purpose. We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3). *Argueta,* 87 F.3d at 324. In such a case, dismissal is without prejudice to refiling in the proper venue. In the proper venue, or forum, the merits can be litigated. The district court pointed this out in both orders by stating that "[p]laintiffs are able to bring their claims in Switzerland pursuant to the Agreement." Because a dismissal to enforce a forum selection clause is not a determination on the merits of any cause of action, it is appropriately "without prejudice" so that the merits can be litigated elsewhere. But it is a determination on the merits of the applicability, and enforceability, of the clause itself. If the order becomes final (as will happen if it is left unappealed), it is preclusive when the issues and the parties remain the same.

Offshore does not argue that preclusion is unwarranted because the parties or claims are different. However, it does suggest that

the district court essentially gave leave to amend by dismissing the first action without prejudice, and that its second action for fraudulent inducement is different from the first one because it speaks to events before the contract was entered into rather than after. This cannot be so, since the second action is not the equivalent of an amended complaint in the first action: the first action was over when the order dismissing it wasn't appealed. In any event, as the district court found and as a comparison of the claims makes clear, they are the same in this case regardless of their label.

For these reasons, we conclude that Offshore is precluded from relitigating the applicability, and enforceability, of the forum selection clause. This is the issue that was critical to dismissal of the original action. For preclusion purposes, it does not matter that the dismissal was "without prejudice" and not on the merits of the underlying claims; the issue that led to dismissal was adjudicated on *its* merits and was conclusively determined when the time passed for appeal. Having failed to appeal that ruling, which was appealable as a collaterally final order, Offshore may not relitigate the applicability and enforceability of the forum selection clause to the same claims.

AFFIRMED.