GAMMA CONSTRUCTION CO., a
Texas Corporation, Plaintiff—
Appellant,

v.

WERHAN FOLKERS & MONIHAN,
INC., an Arizona Corporation,
Defendant—Appellee.

No. 99–17290.

D.C. No. CV–99–00636–RCB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 16, 2001.

Decided April 3, 2001.

Before REINHARDT, RYMER, and
FISHER, Circuit Judges.

MEMORANDUM *

Gamma appeals dismissal of its action
for lack of subject matter jurisdiction and
improper venue. We affirm the improper
venue determination and vacate the alter-
native holding.

While not well written, the forum selec-
tion clause states that litigation must be
brought and tried in the jurisdiction of
"the" court in Coconino County, Arizona,
and may not be removed to any other
county or judicial jurisdiction. We agree
with the district court that the only sensi-
ble reading of the clause as a whole is for
venue to lie in the Superior Court in Co-
conino County, as it is the only forum
which qualifies as "the" court in that coun-
ty. While the federal district court (or
other state courts) may well have jurisdic-
tion over matters arising in Coconino
County, the clause does not prescribe ven-
ue for "a" court but rather for "the" court
in the county. Accordingly, the district
court correctly determined that the matter
must be brought in state court in Coconino
County. See Docksider, Ltd. v. Sea Tech-
nology, Ltd., 875 F.2d 762, 764 (9th Cir.
1989).

Given enforcement of the forum selec-
tion clause, this action must be tried in all
respects in state court. For this reason,
we vacate the district court's alternative
holding with respect to limitation of liabili-
ty so that it may have no preclusive effect.

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by 9th Cir.
R. 36–3.

AFFIRMED IN PART; VACATED IN PART.