**John KORESKO, Plaintiff,**

v.

**REALNETWORKS, INC., Defendant.**

**No. CIV.F 03–5512 OWW DLB.**

United States District Court,
E.D. California.

Aug. 5, 2003.

---

John J Koresko, Tehachapi, CA, pro se.

John Edwin Peterson, Jory, Peterson, Watkins and Smith, Fresno, CA, Gary M. Miller, Pro Hac Vice, Todd C. Jacobs, Pro Hac Vice, John C. Bucheit, Pro Hac Vice, Grippo and Elden, Chicago, IL, for defendants.

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 28 U.S.C. § 1406(a)

WANGER, District Judge.

## I. *INTRODUCTION*

Before the Court is Defendant RealNetworks, Inc.'s ("Defendant" or "RealNetworks") motion to dismiss for improper venue, based on a forum selection clause contained in its contract with plaintiff, pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a). *See* Doc. 21, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion to Dismiss"), filed May 30, 2003. Defendant argues that the forum selection clause in the contract controls venue. *See* Doc. 22, Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defendant's P & As in Support of Motion to Dismiss"), filed May 30, 2002.

Plaintiff John Koresko ("Plaintiff" or "Koresko") moved to remand the case to Kern County Superior Court for lack of diversity jurisdiction. *See* Doc. 16, filed May 14, 2003. Plaintiff argues the proper venue is Kern County Superior Court the site of the original suit that was removed pursuant to 28 U.S.C. § 1441. *See id.*

## II. *BACKGROUND*

On August 17, 2001, Plaintiff entered into a contract with Defendant RealNetworks to purchase computer software over the Internet. *See* Doc. 12, First Amended Complaint ("FAC"), at ¶ 5, filed May 12, 2003. Plaintiff entered his credit card information and agreed to the contract on the screen created by Defendant entitled "End User License Agreement" ("License Agreement") by entering "Accept." *See* FAC at ¶ 5. The License Agreement states that it "shall be governed by the laws of the State of Washington, without regard to conflicts of law provisions, and [Plaintiff] hereby consent[s] to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington." *See* FAC, Exh. A, RealNetworks, Inc. End User License Agreement ("License Agreement") at 22.

In his initial Complaint filed in Kern County Superior Court, Plaintiff sought $150,000 damages. *See* Doc. 1, Notice of Removal, at 19:9–17. The Complaint contained nine claims for breach of contract based upon electronic correspondence, tortious breach of the covenant of good faith and fair dealing, fraud and deceit, conversion, unjust enrichment, money had and received, statutory violations, unfair business practices, and a declaratory judgment. *See id.* However, after Defendant removed the case, Plaintiff amended the Complaint to eliminate several claims, lowering the jurisdictional amount to only $50,000 damages in his FAC.[1] *See* FAC at

---

1. Defendant objects to consideration of the amount sought by Plaintiff's FAC being dis-

15:25.[2]

The FAC alleges four claims for fraud and deceit, conversion, statutory violations, unfair business practices, and declaratory judgment. *See* FAC at 1. Plaintiff alleges that Defendant charged his credit card for a service entitled "Gold Pass" that he did not intend to buy. *See id.* at ¶ 5. Plaintiff alleges that this service was "tied-in" with "Real Player 8 Plus," the software he actually intended to buy for $19.99.[3] *See id.* at ¶ 7. Plaintiff asserts Defendant ignored his pleas to stop charging him for Gold Pass at a premium of $9.99 per month and continued to charge him from November 2001 until the present.[4]

On April 24, 2003, Defendant removed the action to this Court on diversity grounds pursuant to 28 U.S.C. § 1441(b) because Plaintiff is a citizen of California and Defendant is a Washington corporation and the amount in controversy was $150,000 alleged in the Complaint. *See* Notice of Removal at 2:11–16. Plaintiff amended the Complaint to lower the amount of damages sought to $50,000. *See* FAC at 15:25. On May 14, 2003, Plaintiff moved to remand the case to Kern County Superior Court based on the reduced prayer of $50,000, arguing "complete diversity was destroyed." *See* Doc. 16 at 6:24–25. Defendant argues that Plaintiff's FAC still seeks more than the $75,000 jurisdictional minimum since he seeks the same categories of damages (including treble damages). *See* Defendant's P & As in Support of Motion to Dismiss at 5:12–14. Defendant argues that Plaintiffs lowered the jurisdictional amount only to defeat removal. *See id.*

Defendant moves to dismiss Plaintiff's FAC for improper venue pursuant to 28 U.S.C. § 1406(a) and Fed.R.Civ.P. 12(b)(3). *See* Defendant's Motion to Dismiss. Defendant argues that Plaintiff validly agreed to the forum selection clause, which exclusively mandates arbitration in the State of Washington for grievances suffered due to Defendant's products. *See* Doc. 27 at 2:24–28, filed July 7, 2003. Defendant argues that motions to dismiss based on contractual forum selection clauses are properly decided under Fed.R.Civ.P. 12(b)(3) and that the appropriate remedy for breach of the clause is dismissal not transfer. *See* Defendant's P & As in Support of Motion to Dismiss at 6:7–16; *see also Kukje Hwajae Insur. Co., Ltd. v. M/V*

positive. The FAC is dispositive because, under Fed.R.Civ.P. 15(a), no "responsive pleading" has been filed by Defendant and leave to amend is not required where no responsive pleading has been filed. The motion to dismiss for improper venue is not a responsive pleading. *See* Fed.R.Civ.P. 15(a).

2. This case was originally docketed as *John J. Koresko v. RealNetworks, Inc., Real.com, and Does 1 through 10* Case No. 249717 in Kern County Superior Court. *See* Notice of Removal, Exh. A, Complaint, at 1.

3. Plaintiff asserts in his FAC that Defendant's sale of Gold Pass was a scheme to get customers to buy Real Player 8 Plus and unknowingly also purchase Gold Pass, another software program not integral to the function of Real Player 8 Plus. *See* FAC at ¶ 9. Plaintiff contends that the small type and obscure reference used to notify customers they are purchasing not only Real Player 8 Plus, but also Gold Pass constitutes fraud and deceit by Defendant. *See id.* at ¶ 8.

4. Plaintiff wrote a message to Defendant on its "Contact Customer Service" webpage immediately upon finding the charge for Gold Pass. *See* FAC at ¶¶ 11, 12. He followed this message with an electronic mail message and a formal letter requesting Defendant stop charging his card for the service. *See id.* at ¶ 13, 18. Defendant failed to respond to all three attempts to cancel the service. *See id.* at ¶¶ 12, 13, 18. Defendant charged Plaintiff again on February 24, 2003. *See id.* at ¶ 26. Before the commencement of the suit, Plaintiff's credit card had been charged $189.05 less a $49.75 credit given in January 2003 for nineteen unwanted Gold Pass charges. *See id.* at ¶ 44.

*Hyundai Liberty,* 294 F.3d 1171, 1174 (9th Cir.2002); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). Defendant also argues that enforcement of the clause is reasonable here, as it meets the standard established in *Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Plaintiff does not oppose Defendant's Motion to Dismiss.

### III. *LEGAL STANDARD*

**A.** *Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1406(a)*

■ Fed.R.Civ.P. 12(b)(3) governs a motion to dismiss premised on the enforcement of a forum selection clause. *Argueta,* 87 F.3d at 324; *see also Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.,* 114 F.3d 848, 851 (9th Cir.1997) ("We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3)").

28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." "Once venue is challenged, the burden is on the plaintiff to show that venue is proper." *Whiteman v. Resort,* 1999 WL 163044, at *1 (N.D.Cal. 1999) (citing *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir.1979)); *Nissan Motor Co. v. Nissan Computer Corp.,* 89 F.Supp.2d 1154, 1161 (C.D.Cal.2000) ("Although there is some disagreement, most courts hold that the plaintiff bears the burden of establishing proper venue.")

■ A wrongly venued case may also be transferred at the discretion of the court based on convenience of the parties. Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Miracle v. N.Y.P. Holdings, Inc.,* 87 F.Supp.2d 1060, 1073 (D.Haw.2000) (citing *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir.1986)). Defendant has not moved for a forum conveniens transfer.

**B.** *Forum Selection Clause*

■ Parties may use a forum selection clause in a contract to designate the forum where litigation is to take place and litigation commenced in a forum other than that selected may be subject to dismissal for improper venue. *See, e.g., Carnival Cruise Lines v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991); *Spradlin v. Lear Siegler Mgt. Services,* 926 F.2d 865, 866 (9th Cir.1991); *TAAG Linhas Aereas de Angola v. Transamerica Airlines,* 915 F.2d 1351 (9th Cir.1990). A forum selection clause is *"prima facie* valid" and should not be set aside unless the party challenging enforcement demonstrates that the clause is "invalid" or that its enforcement would be "unreasonable." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Carnival Cruise Lines,* 499 U.S. at 589, 111 S.Ct. 1522. In 1996, the Ninth Circuit followed *M/S Bremen, supra,* enforcing a forum selection clause absent evidence establishing:

> fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court.

*See Argueta v. Banco Mexicano,* 87 F.3d 320, 324 (9th Cir.1996) (citing *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273, 280 (9th Cir.1984) (and

*The Bremen,* 407 U.S. at 12–19, 92 S.Ct. 1907)).

 A forum selection clause will be enforced where venue is specified with mandatory language. *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir.1989). However, if the language of the forum selection clause is non-mandatory, the forum selection clause will not preclude suit elsewhere. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir.1987). When a mandatory forum selection clause clearly designates the forum chosen as the exclusive forum, it is enforceable. *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1037 (9th Cir.1995). "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider,* 875 F.2d at 764.

In *Pelleport Investors,* the forum selection clause expressly mandated a particular forum:

Exhibitor [Budco] expressly agrees that any and all disputes arising out of or in connection with this Agreement shall be litigated only in the Superior Court for Los Angeles, California (and in no other), and Exhibitor hereby consents to the jurisdiction of said court.

741 F.2d at 275. The court found that the forum selection clause controlled in this case due to its exclusive language. *Id.*

In *Hunt,* 817 F.2d at 76, the Ninth Circuit found the language of the forum selection clause not exclusive and thus, not mandatory. The clause in *Hunt* stated:

Buyer and Seller expressly agree that the laws of the State of California shall govern the validity, construction, interpretation and effect of this contract. The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of the interpretation of this contract.

The court deemed the clause unenforceable because the language did not require exclusive jurisdiction by express language: "in cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction." *Id.* at 77.

In *Docksider,* the forum selection clause stated:

This agreement shall be deemed to be a contract made under the laws of the State of Virginia, United States of America, and for all purposes shall be interpreted in its entirety in accordance with the laws of said State. Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia.

875 F.2d at 763. The Ninth Circuit found this forum selection clause mandatory. *Id.* The Court distinguished *Hunt,* reasoning that by agreeing to the forum selection clause, the plaintiff not only "consented to the jurisdiction of the state courts of Virginia, but further agreed by mandatory language that the venue for all actions arising out of the license agreement would be Gloucester County, Virginia." *Id.* at 764.

In *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1036 (9th Cir.1995), the forum selection clause provided:

[a] decision of the Board of Adjustment . . . or the decision of a permanent arbitrator shall be enforceable by a petition to confirm an arbitration award filed in the Superior Court of the City and County of San Francisco, State of California.

The Ninth Circuit found that forum selection clause not mandatory because the lan-

guage "shall be enforceable" is as permissive as language providing a given forum "shall have jurisdiction," which is not mandatory. *Id.* at 1037. Unlike language requiring venue to be in a particular location or mandating cases be litigated only in a specific forum, the court found the language, "shall be enforceable," "is permissive, not mandatory, because it does not contain language clearly requir[ing] exclusive jurisdiction." *Id.*

A plaintiff can establish a forum selection clause only by "showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Argueta,* 87 F.3d at 325 (9th Cir. 1996); *Pelleport Investors,* 741 F.2d at 281.

### IV. *ANALYSIS*

■ In cases based on diversity jurisdiction, "federal law ... applies to [the] interpretation of forum selection clauses." *Manetti–Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 513 (9th Cir.1988). Forum selection clauses are presumptively valid and will not be set aside absent a showing that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reason as fraud or overreaching." *The Bremen,* 407 U.S. at 15, 92 S.Ct. 1907.

■ The forum selection clause here exclusively chooses the State of Washington as the forum, stating "... you [Plaintiff] hereby consent to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington." *See* License Agreement at 2. In order to interpret the validity of a forum selection clause, the Court "must balance the contractual choice of forum against a number of countervailing factors including the convenience of the witnesses, fairness, and 'interests of justice.' " *Kachal, Inc. v. Menzie,* 738 F.Supp. 371, 374 (D.Nev.1990) (citing

*Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). The contractual language in question states that Plaintiff "consent[s] to the exclusive jurisdiction of the state and federal courts sitting in the State of Washington." A primary rule of [contractual] interpretation is that " '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case special meaning should be attached to it.' " *Hunt,* 817 F.2d at 77 (citing 4 S. Williston, *A Treatise on the Law of Contracts* § 618 (W. Jaeger 3d ed.1961)). Given the plain meaning of "exclusive jurisdiction," i.e., "no other forum," Defendant's choice of forum controls here. *See* License Agreement at 7.

■ A forum selection clause is permissive if does not preclude suit elsewhere with express language. *Hunt,* 817 F.2d at 77. Permissive language will not stop the party opposing the forum selection clause from suing elsewhere. *Kachal,* 738 F.Supp. at 373. On the contrary, a forum selection clause with mandatory language "mandates that the designated courts are the only ones which have jurisdiction." *Id.* at 77–78. Here, the clause expressly states that the Washington courts have "exclusive jurisdiction" over the case. This language is not permissive, it excludes the party from suing elsewhere.

In *Docksider,* the Ninth Circuit found a forum selection clause mandatory, that provided: "Licensee hereby agrees and consents to the jurisdiction of the courts of the State of Virginia. Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d at 764. The language here is very similar to that of *Docksider.* When Plaintiff clicked the click-box on the screen marked, "I agree" on Defendant's website, he expressly agreed to litigate any claims

against RealNetworks exclusively in the State of Washington. *See* FAC, Exhibit A at 7.

Unlike *Hunt* where the forum selection clause stated that the courts of the County of Orange "shall have jurisdiction" over related matters, the clause here states Washington courts have "exclusive jurisdiction." *See id.* This language is mandatory and the Court must honor the parties' agreed upon choice of forum, the State of Washington. Plaintiff has not provided evidence the clause here is "fundamentally unfair." *See Carnival Cruise Lines*, 499 U.S. at 594–95, 111 S.Ct. 1522.

Application of the forum selection clause is not unduly burdensome or unreasonable to Plaintiff, a resident of California. Pursuing a lawsuit in another forum is not *per se* unreasonable. *See Carnival Cruise Lines*, 499 U.S. at 594, 111 S.Ct. 1522; *see also Fireman's Fund Insur. Co. v. M/V DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir.1998) ("serious inconvenience" of litigating in Korea did not render clause "unreasonable"); *Flake v. Medline Industries, Inc.*, 882 F.Supp. 947, 949–950 (E.D.Cal. 1995) (clause requiring California plaintiff to litigate in Illinois upheld). Defendant provided Plaintiff an opportunity to deny the terms of the contract including the forum selection clause before purchasing its product. *See* Defendant's Memorandum of P & As in Support of Motion to Dismiss at 3:1–3. Plaintiff accepted the terms by clicking "I agree" to the terms and conditions of the contract including the forum selection clause. *See id.* at 2:23–25.

## V. *CONCLUSION*

For the reasons discussed herein, Defendant's motion to dismiss based on the forum selection clause between Plaintiff Koresko and Defendant RealNetworks is GRANTED without prejudice. Plaintiff's motion to remand is DENIED.

Defendant's counsel shall submit a form of judgment in conformity with this decision within five (5) days following the date of service of this decision.

SO ORDERED.