**David MOSTNY, dba Eurowrap Ltd., Plaintiff—Appellant,**

v.

**WINNIE PAPIR, A/S, Defendant—Appellee.**

No. 04–15119, 04–16287.

D.C. No. CV–03–00509–MEJ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Dec. 13, 2005.

Jacqueline C. Hamilton, Ronald D. Foreman, Foreman & Brasso, San Francisco, CA, for Plaintiff–Appellant.

Colin L. Pearce, Matthew K. Kliszewski, Collin L. Pearce, Duane Morris, LLP, San Francisco, CA, for Defendant–Appellee.

Before D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM *

1. To preclude litigation in an alternate forum, a forum-selection clause must

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

specify a venue or designate an *exclusive* jurisdiction for disputes arising out of the contract. *See Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir.1989); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77–78 (9th Cir.1987). The clause here ("the parties accept the jurisdiction of the Danish Courts") contains no "language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd.*, 875 F.2d at 764 (citation omitted). Therefore, the district court erred in interpreting the clause to preclude suit in other jurisdictions outside of Denmark. The order dismissing for improper venue accordingly is reversed.

2. Because Winnie Papir A/S is no longer the "prevailing party" under the contract, the order awarding attorney's fees is also reversed. *See, e.g., River Bank America v. Diller*, 38 Cal.App.4th 1400, 1426, 45 Cal. Rptr.2d 790 (1995).

**REVERSED and REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.