**GUY F. ATKINSON CONSTRUCTION, A DIVISION OF GUY F. ATKINSON COMPANY, Plaintiff,**

v.

**OHIO MUNICIPAL ELECTRIC GENERATION AGENCY JOINT VENTURE 5, Defendant.**

**Civil Action No. 6:96–0623.**

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Oct. 31, 1996.

Robert M. Fitzgerald, Carter B. Reid, Watt, Tieder & Hoffar, McLean, VA, Roger A. Wolfe, Gregory S. Metzger, Jackson & Kelly, Charleston, WV, Val S. McWhorter, Mark E. Hanson, Eun K. (Julie) Chung, Smith, Pachter, McWhorter & D'Ambrosio, Vienna, VA, for Guy F. Atkinson Construction Company.

Stephen P. Goodwin, Goodwin & Goodwin, Charleston, WV, John H. Tracy, Diane S. Mann, Thompson & Waldron, Alexandria, VA, for Ohio Municipal Electric Generation Agency Joint Venture 5.

*MEMORANDUM OPINION AND ORDER*

HADEN, Chief Judge.

Pending is (1) a motion for leave to file a second amended complaint submitted by Plaintiff Guy F. Atkinson Construction Company (hereinafter "Atkinson"); (2) a motion to dismiss the first amended complaint pursuant to *Rule* 12(b)(6), *Federal Rules of Civil Procedure*, filed by Defendant Ohio Municipal Electric Generation Agency Joint Venture 5 (hereinafter "OMEGA"); and (3) OMEGA's motion to dismiss the first amended complaint pursuant to 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue to Ohio. The Court **DENIES** OMEGA's motions and **GRANTS** Atkinson's motion.

## I. FACTUAL BACKGROUND

Atkinson submitted a bid to OMEGA for the construction of the Belleville Hydroelectric Project, which was advertised for bid in accordance with Ohio law.[1] The bid was accepted and the parties entered a construction contract. Paragraph 9.5 of the agreement provides, in pertinent part, as follows: "The Owner and the Contractor jointly and severally submit to the personal jurisdiction of the State and Federal courts of Franklin County, Ohio."

---

1. OMEGA is a joint venture comprised of 42    municipal utilities formed pursuant to Ohio law.

After a dispute arose between the parties, Atkinson filed a complaint in this Court. OMEGA asserts Paragraph 9.5 of the contract is "a choice of forum clause in which the parties agreed that the exclusive venue for any disputes arising out of the contract would be in Franklin County, Ohio." Mem. in supp. at 2.

## II. DISCUSSION

### A. Dismissal for Improper Venue Pursuant to § 1406(a)

■ It is beyond cavil that parties may enter into and enforce forum selection clauses. *See, e.g., Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 589, 111 S.Ct. 1522, 1525, 113 L.Ed.2d 622 (1991); *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 33, 108 S.Ct. 2239, 2245–46, 101 L.Ed.2d 22 (1988) (Kennedy, J., concurring); *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 9–10, 92 S.Ct. 1907, 1912–13, 32 L.Ed.2d 513 (1972); *Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 251 (4th Cir.1988).

■ A cursory reading of Paragraph 9.5 readily discloses it is merely a consent-to-jurisdiction clause. A comparison with contractual provisions our Court of Appeals has construed as mandatory forum selection clauses buttresses the conclusion. *See Allen v. Lloyd's of London,* 94 F.3d 923, 928 (4th Cir.1996) ("*[A]ny* dispute ... of whatsoever nature ... be submitted to the *exclusive* jurisdiction of the British Courts....") (emphasis added); *Brock v. Entre Computer Centers, Inc.,* 933 F.2d 1253, 1255 (4th Cir. 1991) ("The parties agree that *any action* ... *shall be brought* within the Commonwealth of Virginia....") (emphasis added); *Sterling Forest,* 840 F.2d at 251 ("the parties agree that in any dispute jurisdiction *and venue shall be* in California.") (emphasis added); *Bryant Elec. Co., Inc. v. City of Freder-*

*icksburg,* 762 F.2d 1192, 1196 (4th Cir.1985) ("All claims, disputes and other matters ... *shall be decided* by the Circuit Court of the City of Fredericksburg....") (emphasis added); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.,* 696 F.2d 315, 316 (4th Cir.1982) ("*Any controversy* or claim arising out of ... this Purchase Order ... *shall be submitted* to the Supreme Court of the State of New York....") (emphasis added).

Several courts of appeal have found clauses similar to Paragraph 9.5 insufficient for purposes of mandatory forum selection. *See, e.g., John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc.,* 22 F.3d 51, 52 (2nd Cir.1994) (clause providing "[a]ny dispute arising between the parties ... shall come within the jurisdiction of the competent Greek Courts, specifically of the Thessaloniki Courts" held permissive); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 76 (9th Cir.1987) (clause providing "[t]he courts of California ... shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" held to be permissive).

Observations by the Second Circuit in *Attiki,* supported by ample authority, are instructive:

> The general rule in cases containing forum selection clauses is that '[w]hen only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive.' .... Of course if mandatory venue language is employed, the clause will be enforced.

*Attiki,* 22 F.3d at 52–53 (citations and quoted cases omitted); *see also Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 753, 757 (7th Cir.1992); *Utah Pizza Serv., Inc. v. Heigel,* 784 F.Supp. 835, 838 (D.Utah 1992).[2]

---

2. There are, of course, anomalous decisions contrary to the general rule. In *Central Coal Co. v. Phibro Energy, Inc.,* 685 F.Supp. 595, 596 (W.D.Va.1988), the court interpreted the following language to be a mandatory forum selection clause:

"Each party expressly submits to the jurisdiction of the state of New York, U.S.A. and the federal courts situated in New York City...."

The court was uncomfortable with its holding. It noted the language was "not as strong as it could" have been, *id.* at 598, and further admitted as follows:

Paragraph 9.5 is very narrow and loosely drawn. It deals only with personal jurisdiction, and there are no mandatory terms employed. Further, permissible, much less mandatory, venue language is absent. Accordingly, the provision is not a mandatory forum selection clause and will not be enforced. The Court next analyzes whether transfer of venue is warranted pursuant to 28 U.S.C. § 1404(a).[3]

**B. Transfer of Venue Pursuant to § 1404(a)**

▮▮▮ As this Court has noted, a district court may transfer, for the convenience of the parties and witnesses, any civil action to any other district or division where it might have been brought. *AFA Enterprises, Inc. v. American States Ins. Co.,* 842 F.Supp. 902, 908 (S.D.W.Va.1994) (citing 28 U.S.C. § 1404(a)); *Alpha Welding & Fabricating, Inc. v. Todd Heller, Inc.,* 837 F.Supp. 172,

> A whole line of decisions have interpreted forum selection clauses as mere permissive consents to jurisdiction or venue.... Some of these cases involved clauses almost identical to the one at issue in this proceeding. Many other federal courts have interpreted similar clauses to be permissive, not exclusive choices of forum.

*Id.* at 597 (citations omitted). The court in *Phibro,* however, believed itself bound by language in *Sterling.* The relevant language from *Sterling* follows:

> [The district court's] interpretation ... makes the forum selection clause meaningless and redundant. Because Barnett is a California corporation, federal jurisdiction and venue statutes provide as a matter of law that California is a proper state for suit. *See* 28 U.S.C. §§ 1332(a), (c) and 1391(c). *It is a well established principle of contract construction that clauses which, as here, are knowingly incorporated into a contract should not be treated as meaningless....* The only meaningful reason for including the forum selection clause in the instant case was to make California jurisdiction and venue exclusive.

*Sterling,* 840 F.2d at 251 (emphasis added). *Sterling* cannot control here for at least two compelling reasons. First, the Court's reading of Paragraph 9.5 does not render it meaningless. The clause means the Ohio courts have personal jurisdiction over Atkinson, a Nevada corporation. A technical minimum-contacts analysis by an Ohio court would likely have reached the same result if faced with the question, given the execution of the contract in Ohio and other factors. That begs the question, however. Paragraph 9.5 was inserted to extinguish the possibility Atkinson might attempt to contest jurisdiction, thus

175 (S.D.W.Va.1993). Decisions to transfer an action to another district court are committed to the transferring court's sound discretion. *AFA Enterprises,* 842 F.Supp. at 908 (citing *Stewart,* 487 U.S. at 29, 108 S.Ct. at 2243–44; *Brock,* 933 F.2d at 1257; *Alpha Welding,* 837 F.Supp. at 175). This Court has further stated:

> Motions for transfer of venue are to be adjudicated according to an "individualized, case-by-case consideration of convenience and fairness." To resolve a motion to transfer venue, a district court must "weigh in the balance a number of case-specific factors." Factors commonly considered in ruling on a transfer motion include: (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibili-

putting OMEGA to the expense and burden of defending the meritless motion.

Second, the clause at issue in *Sterling* was an unambiguous textbook example of a mandatory forum selection clause, explicitly mentioning venue with mandatory language. *Id.* at 250 ("venue shall be in California."). Such is not the case here. Were the Court to read Paragraph 9.5 as urged by OMEGA, an equally weighty principle of contract construction would be infringed. *See, e.g., L & E Corp. v. Days Inns of America, Inc.,* 992 F.2d 55, 58 (4th Cir.1993) (stating "It is the function of the court to construe the contract made by the parties, not to make a contract for them, or to alter the contract they have made so as to conform it to the court's notion of the contract they should have made in view of the subject matter and the surrounding facts and circumstances[.]"); *Aultman Hosp. Assn. v. Community Mut. Ins. Co.,* 46 Ohio St.3d 51, 54–55, 544 N.E.2d 920, 924 (1989) (same); *Fraternal Order of Police v. City of Fairmont,* 196 W.Va. 97, 101, 468 S.E.2d 712, 716 (1996).

3. While § 1406(a) permits transfer as well, it applies only where plaintiff has laid venue in the wrong district. *See* Charles A. Wright *et al., Federal Practice and Procedure* § 3827 (2d ed. 1986) (stating "A prerequisite to invoking § 1406(a) is that the venue must be improper. The statute speaks of 'a case laying venue in the wrong division or district.' If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C.A. § 1404(a) is the relevant statute."). Given the lack of a valid forum selection clause, venue is appropriate in the Southern District of West Virginia pursuant to § 1391(a)(2). Accordingly, § 1404(a) is the controlling statute.

ty of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

*AFA Enterprises,* 842 F.Supp. at 909 (citations omitted).

■ Applying these factors, the Court finds OMEGA has failed to carry its burden of showing the propriety of transfer. *AFA Enterprises,* 842 F.Supp. at 909 (stating the defendant bears the burden) (citing *Verosol B.V. v. Hunter Douglas, Inc.,* 806 F.Supp. 582, 592 (E.D.Va.1992); *Uniprop Mfd. Housing Commun. Income Fund v. Home Owners Funding Corp. of Am.,* 753 F.Supp. 1315, 1322 (W.D.N.C.1990)).

OMEGA asserts that certain witnesses reside in Ohio. It claims these witnesses and their employers will be inconvenienced by traversing the roughly 100 miles from Columbus, Ohio to Parkersburg, West Virginia. It also asserts "a large number of necessary documents and records are located in Ohio." Mot. to dis. at 2. The construction site, and apparent locus of the parties' dispute, however, is in West Virginia. Further, Atkinson has demonstrated there are numerous key witnesses and project records at the construction site. After considering this evidence, as well as the remaining § 1404(a) factors, the Court concludes transfer is inappropriate.[4] Accordingly, the alternative request to transfer venue is **DENIED**.

### C. Dismissal Pursuant to Rule 12(b)(6)

■ OMEGA also seeks to dismiss the complaint under *Rule* 12(b)(6). This Court has recognized "[t]he movant faces a difficult and exacting burden under *Rule* 12(b)(6)." *McClenathan v. Rhone–Poulenc, Inc.,* 926 F.Supp. 1272, 1274 (S.D.W.Va.1996). Indeed, dismissal is "inappropriate unless, accepting as true the well-pleaded facts in the complaint and viewing them in the light most favorable to the plaintiff, 'it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim.'" *Brooks v. City of Winston–Salem,* 85 F.3d 178, 181 (4th Cir.1996); *see also McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328

(4th Cir.1996). Further, it is rarely appropriate to analyze affirmative defenses via a *Rule* 12(b)(6) motion unless "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks,* 85 F.3d at 181.

OMEGA, in essence, seeks to halt this litigation based on Atkinson's failure to satisfy conditions precedent to suit. This strongly resembles an affirmative defense. Even absent this defect, however, the Court's reading of the pleadings filed to date discloses the case is not ripe for dismissal. OMEGA has failed to satisfy its heavy burden under *Rule* 12(b)(6). Accordingly, the motion to dismiss is **DENIED**.

### D. Motion for Leave to File a Second Amended Complaint

The Court has reviewed the briefing on the motion to amend. Atkinson has demonstrated the propriety of the proffered amendment. Accordingly, the Court **GRANTS** Atkinson's motion for leave to file a second amended complaint.

### III. CONCLUSION

Atkinson's motion to file a second amended complaint is **GRANTED,** and OMEGA's motions to dismiss or transfer are **DENIED.** The second amended complaint is **ORDERED** filed.

---

4. The consent-to-jurisdiction clause, given its irrelevance for purposes of forum selection, does not enter into the factoring mix in any substantial way.