### S & D COFFEE INC., plaintiff,

v.

### GEI AUTOWRAPPERS, a division of GEI Processing and Packaging Machinery Limited (Auto Wrappers Europack Limited—a member of the GEI International Group) a/k/a Auto Wrappers Europack Limited, Defendant.

### No. 4:97CV691.

United States District Court,
M.D. North Carolina,
Salisbury Division.

Oct. 20, 1997.

Peter James Covington, Bradley B. Honnold, Smith, Helms, Mulliss & Moore, Charlotte, NC, for S&D Coffee Inc., plaintiff.

George Bryan Adams, III, John H. Hasty, Waggoner, Hamrick, Hasty, Monteith and Kratt, PLLC, Charlotte, NC, for GEI Autowrappers, defendant.

## MEMORANDUM OPINION

BULLOCK, Chief Judge.

Before the court is Defendant GEI Autowrappers' (hereinafter "Autowrappers") motion to dismiss this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and, in the alternative, to dismiss this action on the grounds of *forum non conveniens*. For the following reasons, the court will deny Defendant's motion.

## FACTS

The facts relevant to the resolution of Defendant's motion to dismiss are not in dispute and can be stated briefly. Plaintiff S&D Coffee, Inc. (hereinafter "S&D") is a North Carolina corporation with its principal office in Cabarrus County, North Carolina. Defendant is a division of GEI Processing and Packaging Machinery Limited, a company organized under the laws of England with its principal offices in Norwich, England. Defendant manufactures and sells food processing and packaging machinery internationally.

In June of 1995, the parties entered into an agreement in which Plaintiff agreed, *inter alia*, to purchase a coffee-bag filling, feeding, and over-wrapping machine from Defendant. Incorporated into the agreement were Defendant's standard terms and conditions of sale, which includes the following "forum selection clause" in Paragraph 12: "The contract between the company [Defendant] and the customer [Plaintiff] shall be governed by and construed in accordance with English law, and both parties shall submit to the jurisdiction of the English courts." Bassett Aff.Ex. G ¶ 12.

After a dispute arose between the parties, Plaintiff filed this action in state court in Cabarrus County, North Carolina, asserting various causes of action based on Defendant's alleged breach of the agreement. After removing the case to federal court pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction under 28 U.S.C. § 1332, Defendant brought the present motion to dismiss based on the above-referenced forum selection clause.

## DISCUSSION

### A. Motion to Dismiss for Improper Venue

Defendant contends that Paragraph 12 of its standard terms and conditions mandates that jurisdiction and venue in this case lie exclusively with English courts. Plaintiff counters that Paragraph 12 merely contains a permissive consent to jurisdiction provision coupled with a choice of law provision and is not a mandatory forum selection clause. Because the court agrees that Paragraph 12 is a consent to jurisdiction provision, it need not address the parties' other arguments.

Forum selection clauses can either be "permissive" or "mandatory." A permissive forum selection clause, which is perhaps more appropriately referred to as a "consent to jurisdiction" clause:

'merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction in a venue. Such a clause might provide: "[T]he parties submit to the jurisdiction of the courts of New York." Such a cause is "permissive" since it allows the parties to air any dispute in that court without requiring them to do so.'

*Johnston County, N.C. v. R.N. Rouse & Co., Inc.*, 331 N.C. 88, 93, 414 S.E.2d 30, 33 (1992) (quoting Leandra Lederman, Note, *;Viva Zapata!: Toward a Rational System of Forum–Selection Clause Enforcement in Diversity Cases*, 66 N.Y.U.L.Rev. 422, 423 n. 10 (1991)) (citations omitted).

In contrast, a mandatory forum selection clause identifies a particular state or court as having exclusive jurisdiction over disputes arising out of the parties' contract and their contractual relationship. *See id.* A common mandatory forum selection clause may provide: " '[B]oth parties agree that only New York courts shall have jurisdiction over this contract and any controversies arising out of this contract.' " *Id.* (quoting Lederman, Note).

A review of Paragraph 12 indicates that, while the term "shall" is mandatory, it directs only that English courts shall have jurisdiction, not that English courts shall "have exclusive jurisdiction" or that "venue shall lie in England." The general rule in such instances is that "[w]hen only jurisdiction is specified the cause will generally not be enforced [as a mandatory forum selection clause] without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Technology, Ltd.,* 875 F.2d 762, 764 (9th Cir.1989); *see, e.g., John Boutari & Son Wines & Spirits, S.A. v. Attiki Importers & Distribs., Inc.,* 22 F.3d 51, 52 (2d Cir.1994) (clause providing "any dispute arising between the parties . . . shall come within the jurisdiction of the competent Greek courts" held permissive); *Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 76 (9th Cir.1987) (clause providing "the courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" held permissive); *Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974) (clause providing "this agreement shall be . . . enforceable according to the law of New York and the parties submit to the jurisdiction of the courts of New York" held permissive); *Redondo Constr. Corp. v. Banco Exterior De Espana, S.A.,* 11 F.3d 3 (1st Cir.1993) (clause providing that "borrower and guarantors each hereby expressly submits to the jurisdiction of all federal and state courts located in the state of Florida" held permissive); *Guy F. Atkinson Constr., A Div. of Guy F. Atkinson Co. v. Ohio Mun. Elec. Generation Agency Joint Venture 5,* 943 F.Supp. 626 (S.D.W.Va.1996) (clause providing "the owner and the contractor jointly and severally submit to the personal jurisdiction of the state and federal courts of Franklin County, Ohio," held permissive).

When mandatory venue language is also employed, however, then courts will enforce the provision as a mandatory forum selection clause assuming it is otherwise enforceable. *See, e.g., Sterling Forest Assocs. Ltd. v. Barnett–Range Corp.,* 840 F.2d 249, 251–52 (4th Cir.1988) (clause providing that "the parties agree that in any dispute jurisdiction and venue shall be in California" held mandatory); *Docksider,* 875 F.2d at 763, 764 (clause providing that "licensee hereby agrees and consents to the jurisdiction of the courts of the state of Virginia. Venue of any action brought hereunder shall be deemed to be in Glouchester County, Virginia" held mandatory).

As noted above, Paragraph 12 contains no language that English courts should have exclusive jurisdiction over disputes arising from the parties' agreement. Instead, as Plaintiff notes, it merely contains a choice of law clause combined with a consent to jurisdiction clause. While Paragraph 12 surely would have prevented Plaintiff from objecting to jurisdiction had Defendant initiated a suit in England, it in no way prohibits Plaintiff from bringing this action in other proper forums. Accordingly, the court will deny Defendant's motion to dismiss for improper venue.

### B. *Forum Non Conveniens*

The doctrine of *forum non conveniens* provides the district court with the discretion to dismiss a case where it finds that " 'when weighed against [the] plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate, and available alternative forum.' " *Kontoulas v. A.H. Robins Co., Inc.,* 745 F.2d 312, 315 (4th Cir.1984) (quoting *Veba–Chemie A.G. v. M/V Getafix,* 711 F.2d 1243, 1245 (5th Cir.1983)); *see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, 102 S.Ct. 252, 265, 70 L.Ed.2d 419 (1981). Because the court finds that the relevant public and private interests do not strongly favor resolution of this dispute in England, Defendant's motion to dismiss based on *forum non conveniens* will be denied.

In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the Supreme Court identified the relevant public and private interests that a court should consider in evaluating a *forum non conveniens* motion. The relevant private interests include:

the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining willing, witnesses; possibility of

view of the premises if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.

*Id.*

■ The relevant public interests include: administrative problems resulting from court congestion; the local interest in having localized controversies decided at home; the interest in having trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems and conflicts of law or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*

■ The Supreme Court refined the *forum non conveniens* inquiry in *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), by stressing that convenience is the critical concern, and that the district court should follow a flexible approach in assessing the *Gilbert* factors. *Id.* at 249, 102 S.Ct. at 262. The Supreme Court stated that "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Id.* Nevertheless, "[w]hen plaintiff chooses its home forum, there is generally a presumption that the forum is convenient, and dismissal based on *forum non conveniens* is thus rarely appropriate." *The 'In' Porters, S.A.. v. Hanes Printables, Inc.,* 663 F.Supp. 494, 505 (M.D.N.C.1987) (citing *Piper,* 454 U.S. at 255–56, 102 S.Ct. at 265–66).

With these factors in mind, the court begins by noting that Plaintiff in this case has chosen his home forum. Moreover, because Plaintiff concedes that English law will govern at least some aspects of this case, *see* Pl.'s Mem. in Opp'n to Mot. to Dismiss at 15, it is evident that Plaintiff chose this forum because it is convenient, and not solely to harass Defendant or to take advantage of favorable law. *See Piper,* 454 U.S. at 249 n. 15, 102 S.Ct. at 262 n. 15. Accordingly, Plaintiff is entitled to a strong presumption that this is a convenient forum for resolution of this dispute.

Turning to the private interest factors, both parties have submitted affidavits which indicate that source of proof issues and witness availability issues do not weigh heavily in favor of litigation in either North Carolina or England. *See* Poynter Aff. ¶¶ 6–7; Cole Aff. ¶¶ 3–4, 6 and 8. In addition, to the extent there may be a need for the jury to view the allegedly defective machine, the presence of the machine in North Carolina weighs slightly in favor of retaining litigation in this forum. In any case, it is far from clear that trying this case in England would be any more convenient to the parties than it would be in North Carolina. Instead, litigation in England would simply shift the relative burdens of trial from Defendant to Plaintiff.

With respect to the public interest factors, Defendant apparently believes docket congestion in this district and the presence of the English choice of law provision are key factors favoring dismissal. Plaintiff responds that this state has a strong interest in having this dispute, which involves a North Carolina citizen and employer, decided in this forum.

■ There is no significant docket congestion in this district. The 1996 caseload statistics cited by Defendant show a median disposition time for all civil cases of only eleven months. For 1997, the median disposition time for all civil cases is only nine months. For cases filed in 1997 that must go all the way to a jury verdict for disposition, such disposition will still take only a year. Defendant's concerns notwithstanding, the court foresees no administrative difficulties in connection with the resolution of this dispute in this district. Additionally, while the choice of law provision does favor an English forum, it does not by itself require dismissal on *forum non conveniens* grounds. *See 'In' Porters,* 663 F.Supp. at 505–06 (stating that "even if French law does apply, dismissal based on *forum non conveniens* is not required since application of foreign law is just one factor in the balancing process"); *see also Piper,* 454 U.S. at 260 n. 29, 102 S.Ct. at 260 n. 29. The court agrees with Plaintiff that local interests do favor litigation in North Carolina. The fact that Plaintiff is a North Carolina resident supports the local interest in having localized controversies de-

612

cided at home and creates a significant local connection. In final analysis, as was the case with private interest factors, the public interest factors present in this case do not weigh heavily in favor of either England or North Carolina as a forum, and they certainly do not rise to the level necessary to overcome the presumption that Plaintiff's chosen forum is a convenient and proper one. Accordingly, Defendant's motion to dismiss based on *forum non conveniens* will be denied.

## CONCLUSION

For the foregoing reasons, the court will (1) deny Defendant's motion to dismiss based on improper venue, and (2) deny Defendant's motion to dismiss based on *forum non conveniens*.