# CIRCUIT COURT OF THE CITY OF ROANOKE

S. W. Virginia, R.P.S, L.L.C.

v.

C.T.I. Molecular Imaging, Inc.

August 23, 2007

Case No. 07000899-00

BY JUDGE CHARLES N. DORSEY

The defendant has moved to dismiss and objected to improperly laid venue in this matter, and the Court is prepared to rule. For the reasons stated, both the motion to dismiss and the objection to improperly laid venue are overruled.

The present matter is one of contract interpretation and for this purpose, the only fact that need be established is that there was a contract between the parties. The relevant section of said contract reads as follows:

> 18. *Governing Law*: The laws of the State of Tennessee shall govern the agreement. The appropriate county or state courts of the State of Tennessee and the federal courts having jurisdiction thereover will have jurisdiction of any and all actions arising from this agreement.

The sole issue is whether the language in question is a valid forum selection clause requiring this case to be litigated in Tennessee.

Forum selection clauses are often closely allied with choice of law provisions. The Supreme Court of Virginia has, as recently as this year, affirmed that the parties' choice of substantive law must be applied. *Settlement Funding, L.L.C., v. Neumann-Lillie*, 274 Va. 76, 645 S.E.2d 436 (2007). The parties here concede, as they appropriately should, that the first sentence of the quoted language requires that Tennessee law govern this contract wherever it may be litigated.

The pertinent issue, however, is the forum selection clause in this contract. Both parties also concede that Virginia has approved the use of forum selection clauses. Forum selection clauses are "contractual provisions limiting the place or court where potential actions between the parties may be brought." *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804 (1990). Forum selection clauses are *prima facie* valid and should be enforced unless the party challenging enforcement establishes that those provisions are unfair, unreasonable, or affected by fraud or unequal bargaining power. *Id.* Consequently, the validity of the forum selection clause in this case is not the issue. The plaintiff claims that, though valid, the clause here is permissive and non-exclusive, while the defendant claims it is exclusive and mandatory.

> Forum selection clauses can either be "permissive" or "mandatory." A permissive forum selection clause, which is perhaps more appropriately referred to as a "consent to jurisdiction" clause: "merely specifies a court empowered to hear the litigation, in effect waiving any objection to personal jurisdiction in a venue. . . . Such a clause is 'permissive' since it allows the parties to air any dispute in that court without requiring them to do so." In contrast, a mandatory forum selection clause identifies a particular state or court as having exclusive jurisdiction over disputes arising out of the parties' contract and their contractual relationship.

*S & D Coffee, Inc. v. G. E. I. Autowrappers*, 995 F. Supp. 607, 609 (M.D. N.C. 1997) (internal citations omitted).

In determining whether a forum selection clause is permissive or mandatory, the actual language of the clause must be examined to determine if it clearly requires exclusive jurisdictions. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

Forum selection clauses that clearly state "shall" or "only" are often held to be a clear statement of mandatory effect. In *Paul Business Systems*, the Supreme Court of Virginia was faced with a contract clause containing the

language "any and all causes of action hereunder by and between the parties hereto *shall only* have jurisdiction and venue in the local, state, or federal courts in the State of New York." 240 Va. at 341 (emphasis added). Unlike the present case which involves language that is subject to more than one interpretation, the Court did not need to reach the distinctions between "mandatory" and "permissive" forum selection clauses because the language was specific. For a similar distinction in the federal context, *see Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir. 1985). Similarly, it has been held that language stating "venue for any legal action which may be brought hereunder *shall* be deemed to lie in Sullivan County, Tennessee," was mandatory. *Ex parte Bad Toys Holdings, Inc.*, No. 1051310, 2006 Ala. LEXIS 325, at *10, 958 So. 2d 852 (Ala. Nov. 22, 2006) (emphasis added). And, a forum selection clause was found to be mandatory when it stated "this Agreement shall be litigated *only* in the Superior Court for Los Angeles." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273 (9th Cir. 1984) (overruled on other grounds in *Powerex Corp. v. Reliant Energy Svcs.*, 127 S. Ct. 2411, 168 L. Ed. 2d 112 (2007)).

Analysis cannot stop solely with an examination of whether "shall" or "only" occur. Even when those words are used, the forum selection clause may not be mandatory, particularly when specification of venue is not made, as discussed below. *See* 817 F.2d at 77 (finding contract language stating, "the Courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract" to be a permissive forum selection clause). The prevailing rule is that, while the term "shall" is mandatory, when it is used in connection with jurisdiction, it merely mandates that any enumerated courts have jurisdiction, not that they have exclusive jurisdiction or venue. The general rule is that, if only jurisdiction is specified, the clause will ordinarily not be enforced as a mandatory forum selection clause without further language indicating the intent of the parties to make such jurisdiction exclusive. *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *see also Ex parte Bad Toys Holdings, Inc.*, 958 So. 2d 852, 2006 Ala. LEXIS 325. Conversely, where venue is specified in a forum selection clause with mandatory language, that clause will be enforced as a mandatory forum selection clause. *See generally S & D Coffee*, 995 F. Supp. 607; *Docksider*, 875 F. 2d 762; *and Ex parte Bad Toys Holdings*, 958 So. 2d 852, 2006 Ala. LEXIS 325.

For example, in *Docksider, Ltd. v. Sea Technology, Ltd.*, the Ninth Circuit nicely contrasted the language in the *Hunt Wesson Foods, Inc. v. Supreme Oil Co.* forum selection clause that read, "the Courts of California, County of Orange, shall have jurisdiction over the parties in any action at law

relating to the subject matter of the interpretation of this contract," with the language in *Docksider* that read, "Venue of any action brought hereunder shall be deemed to be in Gloucester County, Virginia." 875 F.2d at 763-64. The *Hunt Wesson* clause was held to be permissive, while the *Docksider* clause was held to be mandatory. The court distinguished the two clauses on the basis that the *Docksider* language had the additional sentence pertaining to venue. The court stated "This mandatory language makes clear that venue, the place of suit, lies exclusively in the designated county. Thus, whether or not several states might otherwise have jurisdiction over actions stemming from the agreement, all actions must be filed and prosecuted in Virginia." 875 F.2d at 764.

The conceptual framework that underlies this jurisdiction-venue distinction is the fact that subject matter jurisdiction can neither be conferred by agreement, nor waived, but is the lawful power conferred on a court to entertain a suit or proceeding, consider the merits, and render a binding decision. 958 So. 2d 852, 2006 Ala. LEXIS 325, at *8, n. 3. Subject matter jurisdiction for Virginia courts is conferred only by the provisions of the Constitution of Virginia and Virginia statutes, not by agreement of the parties. *Board of Supervisors v. Board of Zoning Appeals*, 271 Va. 336, 344, 626 S.E.2d 374 (2006). Venue is generally not a condition precedent to the exercise of the power of a court, but relates instead to the appropriateness of the location. Since venue is itself ordinarily not mandatory, its inclusion in a forum selection clause obviously lends greater weight to the interpretation that the parties intended that language to be mandatory. Also, as discussed below, the inclusion of language pertaining to venue in a forum selection clause may also lend itself to the conclusion that any construction other than the clause being mandatory would result in the clause being meaningless.

Finally, if the language on its face is not clearly mandatory, does not involve "shall" or "only," and does not mandate venue, the Court must then look to other rules of contract construction.[1] For example, in *Central Coal Co. v. Phibro Energy, Inc.*, cited by the defendant, the federal court for the Western District of Virginia held that contract language stating "each party expressly submits to the jurisdiction of the State of New York" constituted a

---

[1] For an interesting, and succinct, dissent on whether the construction rule of ambiguities construed against drafter applied, see *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (1985), where the purported forum selection clause, in its entirety, was "Place of jurisdiction is Sao Paulo, Brazil" and the dissent stated "Place is singular. Is it singular. Neither words are subject to interpretation as one of several or many."

mandatory forum selection clause. *Central Coal Co. v. Phibro Energy, Inc.*, 685 F. Supp. 595, 598 (W.D. Va. 1988). The court, however, specifically noted that the contract language was "not as strong as it could be." More pertinently to the analysis in this case, the court in *Central Coal* also looked at the title of the language in question which was titled "Jurisdiction." The title of the contract provision in the instant case is "Governing Law." Additionally, though not specifically stated by the *Central Coal* court, the language in that case was a personal submission to the jurisdiction of the New York courts. In the instant case, the language in question merely acknowledges that Tennessee courts have jurisdiction.

An additional rule of construction mentioned by several courts is that contract clauses should not be treated as meaningless. *Id.* at 597 (citing *Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988)); *see also* 958 So. 2d 852, 2006 Ala. LEXIS 325. The conclusion that the contract clause would otherwise be meaningless is ordinarily predicated on the fact that the clause states that venue is appropriate where it would be appropriate anyway, without the need for contractual language. To construe language in such a case as being permissive would require an interpretation that such language was meaningless. An interpretation that such language was by way of limitation, however, lends meaning to such a clause. The language in the present case is very similar to the language in *Hunt Wesson* and "mandates nothing more than that the [Tennessee] courts have jurisdiction." *Hunt Wesson Foods, Inc.*