# CIRCUIT COURT OF THE CITY OF HOPEWELL

JAAAT Technical
Services, L.L.C.

v.

Tetra Tech Tesoro, Inc.

March 17, 2015

Case No. CL2014-501

By Judge Nathan C. Lee

The issues before this Court are whether the Court should grant or deny Plaintiff's Motion for a Preliminary Injunction and whether the Court should grant or deny Defendant's Motion To Dismiss for Lack of Jurisdiction or To Abstain.

*Facts*

Plaintiff, JAAAT Technical Services, L.L.C. ("JAAAT"), is headquartered in Hopewell, Virginia, and is the general contractor on three contracts to be performed at Pope Air Force Base in North Carolina and two contracts to be performed at Fort Benning in Georgia. Defendant, Tetra Tech Tesoro, Inc. ("Tetra Tech"), is a subcontractor on these five contracts, based in Virginia Beach, Virginia. The contracts each contain a forum selection clause which provides that any claims arising under the contract related to the subcontract work shall be litigated in the Circuit Court of the City of Hopewell or the United States District Court for the Eastern District of Virginia, Richmond Division.

On November 21, 2014, Defendant filed lawsuits for breach of contract in North Carolina under each of the North Carolina contracts, relying on a North Carolina statute providing that any provision in a contract for the improvement of property within North Carolina is void if it contains a forum selection clause requiring the court to apply the laws of another state or where the exclusive forum for litigation is outside of North Carolina. On December 8, 2014, Defendant sought a preliminary injunction in North Carolina and was granted a Temporary Restraining Order by that court.

Defendant subsequently also filed lawsuits in Georgia under the Georgia contracts.

On December 9, 2014, Plaintiff filed a Complaint Seeking Declaratory Judgment in Hopewell Circuit Court, relying on the Virginia Declaratory Judgment Act and asking the Court to determine that the contracts must be litigated in Hopewell in accordance with the forum selection clause. On January 12, 2015, Plaintiff filed a Motion for a Preliminary Injunction, which was supplemented on February 9, 2015, seeking to enjoin Defendant from pursuing litigation in North Carolina or Georgia until Plaintiff's Declaratory Judgment action is resolved by this Court. On January 30, 2015, Defendant made a special appearance in response to Plaintiff's Complaint and moved the Court to dismiss the Complaint for lack of subject matter jurisdiction. On March 16, 2015, both parties appeared in Hopewell Circuit Court to argue the motions.

## Discussion

The Virginia Supreme Court has clearly defined the circuit court's role under the Virginia Declaratory Judgment Act. Pursuant to the Act, circuit courts have the authority to make binding adjudications of right in cases of actual controversy, including controversies interpreting written instruments, where there are actual antagonistic assertions and denials of right. Va. Code Ann. § 8.01-184 (2014). Declaratory judgment acts should be liberally, but reasonably, construed and "should not be used as instruments of procedural fencing, either to secure delay or to choose a forum." *Williams v. Southern Bank of Norfolk,* 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962). The purpose of a declaratory judgment is to supplement, not supersede, an ordinary cause of action. *Id.* at 662, 125 S.E.2d at 806-07. Where a right has already matured or a wrong has been suffered, "customary processes of the court, where they are ample and adequate, should be adopted." *Id.* at 662, 125 S.E.2d at 807 (*citing American Nat'l Bank v. Kushner,* 162 Va. 378, 386, 174 S.E. 777, 780 (1934)). A declaratory judgment is inappropriate when a party seeks to litigate contested issues that may be appropriately brought as an ordinary cause of action, *Green v. Goodman-Gable-Gould Co.,* 268 Va. 102, 108, 597 S.E.2d 77, 81 (2004), or where some other mode of proceeding is provided. *Miller v. Jenkins,* 54 Va. App. 282, 288, 678 S.E.2d 268, 271 (2009) (*citing Liberty Mut. Ins. Co. v. Bishop,* 211 Va. 414, 421 177 S.E.2d 519, 524 (1970)).

Additionally, the Constitution of Virginia and Virginia statutes confer subject matter jurisdiction upon Virginia circuit courts, giving them the lawful power "to entertain a suit or proceeding, consider the merits, and render a binding decision," including breach of contract claims. *S.W. Virginia, R.P.S., L.L.C. v. C.T.I. Molecular Imaging, Inc.,* 74 Va. Cir. 117, 120, 2007 Va. Cir. LEXIS 158, at *7 (2007). Subject matter jurisdiction cannot be conferred by agreement of the parties, nor waived. *Id.* Virginia

circuit courts do not have jurisdiction over the courts of other states, and thus cannot require other states' courts to take a specific action or to apply a certain law.

Here, Plaintiff is asking this Court to require Defendant to file its lawsuit in Hopewell based on the forum selection clause in the contracts, and essentially to declare that North Carolina and Georgia do not have jurisdiction over the breach of contract claims filed in those courts. Under the Virginia Declaratory Judgment Act, this Court has the authority to interpret these contracts. However, the Court may only do so as those contracts apply to pending litigation in this Court and does not have the authority to prohibit out-of-state courts from exercising their own jurisdiction. Here, the North Carolina courts have already found they have jurisdiction over these matters, at least temporarily, by issuing a Temporary Restraining Order. It is not within the province of this court to question the North Carolina courts' decisions or to prohibit them from taking further action on the lawsuits filed there.

Additionally, issuing an injunction in this case is inappropriate because another "mode of proceeding" is available to Plaintiff. In *Miller v. Jenkins,* the plaintiff sought an injunction enjoining the defendant from seeking to enforce an out-of-state order. 54 Va. App. 282, 678 S.E.2d 268 (2009). The court held a declaratory judgment was inappropriate in that case because the plaintiff had other remedies available to her apart from a declaratory judgment where the defendant had a motion pending and the plaintiff could defend against the motion. In the instant case, another "mode of proceeding" is available to JAAAT because the breach of contract lawsuits pending in North Carolina and Georgia are "ordinary causes of action" which JAAAT will have the opportunity to fully defend against apart from a declaratory judgment.

Further, similar to *Miller,* where the court found that all of the claims the plaintiff raised in the declaratory judgment action were available in the second case, the arguments JAAAT makes in support of its Motion for Preliminary Injunction are the same arguments available to it in the pending North Carolina and Georgia cases. Those courts may choose to dismiss the pending lawsuits for lack of jurisdiction under the forum selection clause, at which point Tetra Tech may choose to file its lawsuits in this Court. However, until then, this Court cannot require Tetra Tech to file its lawsuits in Hopewell Circuit Court or order the North Carolina or Georgia courts to take a specific action or to apply a particular law.

At this point in time and under the current posture of the case, this Court thus finds that Plaintiff's Motion for a Preliminary Injunction is nothing more than procedural fencing to delay the pending North Carolina and Georgia proceedings and to choose a favorable forum subsequent to the North Carolina court ruling in Tetra Tech's favor on the temporary restraining order. Issuing an injunction is thus inappropriate, and there is

no action for this court to take other than to grant Defendant's Motion To Dismiss for Lack of Jurisdiction.

## *Conclusion*

Accordingly, for the reasons stated herein, JAAAT's Motion for Preliminary Injunction is denied. Tetra Tech's Motion To Dismiss for Lack of Jurisdiction is granted.